UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00008-FDW

| MATTHEW T. GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| PROGRESSIVE FINANCE HOLDINGS, LLC, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Consent Motion to Stay Litigation Pending Arbitration (Doc. No. 10). For the reasons that follow, the motion is **GRANTED**. Defendant's Motion to Compel Arbitration and Dismiss this Proceeding or, in the Alternative, Stay this Proceeding Pending Arbitration (Doc. No. 8) and Plaintiff's Motion for Extension of Time to File Response (Doc. No. 11) are **DENIED AS MOOT**.

On March 1, 2014, Plaintiff executed a "Rent to Own Agreement" and agreed to Defendant's Consumer Arbitration Provision (the "Arbitration Provision"). In the complaint, Plaintiff alleges that Defendant communicated with him regarding the merchandise he leased under the Rent to Own Agreement, and such communication violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendant denies liability. Defendant filed a motion to compel arbitration. In response, Plaintiff filed a consent motion to arbitrate and a related motion for extension of time to respond to Defendant's motion.

The Federal Arbitration Act, which governs the enforcement of arbitration agreements, "reflects a liberal federal policy favoring arbitration agreements." Adkins v. Labor Ready, Inc.,

1

303 F.3d 496, 500 (4th Cir. 2002). Ambiguities regarding the scope of an arbitration clause are resolved in favor of arbitration. See id. According to Adkins,

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

Id. at 499-501.

Both parties agree the Rent to Own Agreement includes an arbitration provision, and neither party objects to their dispute proceeding to arbitration in accordance with the arbitration provision. The Court sees no reason why the parties' dispute should not be arbitrated. Accordingly, the other motions by both parties are now moot.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Consent Motion to Stay Litigation Pending Arbitration (Doc. No. 10) is **GRANTED**. Additionally, Defendant's Motion to Compel Arbitration and Dismiss this Proceeding or, in the Alternative, Stay this Proceeding Pending Arbitration (Doc. No. 8); and Plaintiff's Motion for Extension of Time to File Response (Doc. No. 11) are **DENIED AS MOOT**. The parties are **ORDERED** to proceed to arbitration and must jointly submit a status report to the Court every sixty (60) days. Furthermore, the dispute must be resolved within six (6) months from the date of the Order. Failure to do so will result in Court action.

**IT IS SO ORDERED**.

Signed: April 13, 2015

*[signature]*
Frank D. Whitney
Chief United States District Judge